**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RISHI RAJ, | No. 12-71707 |
| Petitioner, | Agency No. A089-299-861 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Rishi Raj, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo claims of due process violations, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Raj's statement and a doctor's letter regarding the origin of his injuries, and the inconsistencies regarding whether Raj was caught in a dispute between political figures or gang members.  *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"); *see also Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (inconsistencies between testimony and documentary evidence support adverse credibility determination).  The agency considered Raj's explanations for these inconsistencies and was not compelled to accept them.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).  We reject Raj's claim that the agency ignored evidence or failed to consider the totality of circumstances.  In the absence of credible testimony, Raj's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Raj's CAT claim also fails because it is based on the same testimony that the agency found not credible, and Raj does not point to any other evidence in the record that compels the finding it is more likely than not he would be tortured by or with the consent or acquiescence of the Indian government if returned. *See id.* at 1156-57. We reject Raj's contention that the agency failed to consider all the evidence relevant to his CAT claim. *See Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006).

Finally, Raj's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**